**UNITED STATES of America,**
**Appellee,**

v.

**Rafael RODRIGUEZ, Defendant–**
**Appellant.**

**No. 05–4412–cr.**

United States Court of Appeals,
Second Circuit.

June 27, 2006.

Steven A. Feldman, Feldman and Feldman, Uniondale, NY, for Defendant–Appellant (on submission).

Jessica A. Roth, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, of counsel, Karl Metzner, Assistant United States Attorney, on the brief), for Appellee (on submission).

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Rafael Rodriguez appeals from a judgment and sentence. We assume familiarity with the facts, the procedural history, and the issues on appeal.

■ 1. The district court did not abuse its discretion in refusing to admit Henry Salcedo's out-of-court statement. The only portion of Salcedo's statement that was arguably exculpatory for Rodriguez was not self-inculpatory content, and was therefore inadmissible hearsay. See Fed. R.Evid. 802, 804(b)(3); United States v. Jackson, 335 F.3d 170, 176 (2d Cir.2003).

■ 2. This Court has never ordered a district court to order the government to provide a witness with use immunity. Though we have suggested that compelled immunity might be appropriate in certain circumstances, see United States v. Diaz, 176 F.3d 52, 115 (2d Cir.1999), no such circumstances are present here. There is

no evidence suggesting that the government has, through overreaching, forced the witness to invoke the Fifth Amendment. Likewise, the government has not discriminated in its grants of immunity; the government has not granted any immunity in connection with the prosecution of Rodriguez.

■ 3. Because Rodriguez did not contemporaneously object to the jury instruction, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). This Court has specifically refrained from "pass[ing] upon the merits of giving or not giving a *falsus in uno* instruction." *United States v. James*, 239 F.3d 120, 122 n. 2 (2d Cir.2000). Accordingly, the district court did not plainly err in issuing the instruction. *See generally United States v. Brown*, 352 F.3d 654, 665 n. 10 (2d Cir.2003) ("As a general rule, [this Court] reserve[s] a finding of plainness to situations where a trial court's ruling contravenes clearly established precedent.").

4. The admissibility of past, uncharged conduct is governed by Rule 404(b) of the Federal Rules of Evidence. Rodriguez claims that the government failed to give required notice of its intent to submit Rule 404(b) evidence; this claim is without merit. *See* Special Appx. at 1 ("The Government respectfully submits this letter to notify the Court and the defendant of certain evidence that the Government may seek to offer at the trial ... pursuant to Federal Rule of Evidence 404(b).").

Substantively, Rule 404(b) evidence may be introduced "for any purpose other than to show a defendant's criminal propensity," so long as the evidence is not overly prejudicial per the meaning of Rule 403. *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir.1994) (citing Fed.R.Evid. 403). The challenged evidence was offered to establish defendant's relationships with his co-conspirators, was not offered to show propensity, and was not unfairly prejudicial within the meaning of Rule 403.

■ 5. Nor did the admission of past, uncharged conduct constructively amend the indictment. "A constructive amendment occurs when 'the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.'" *United States v. Ford*, 435 F.3d 204, 215–16 (2d Cir.2006) (quoting *United States v. Delano*, 55 F.3d 720, 729 (2d Cir.1995)). Given that the district court properly instructed the jury on the limited time frame of the conspiracy, the evidence of prior uncharged crimes did not so dominate the trial as to create any substantial likelihood that Rodriguez was convicted of an offense other than that charged.

■ 6. The district court did not clearly err in finding Rodriguez responsible for more than one kilogram of heroin because the jury expressly found Rodriguez responsible for this amount on the special verdict form. Nor did the district court erroneously instruct the jury to find that the shorts carried a specific amount of heroin; the record as a whole shows that the district court made clear that there was no way to precisely calculate how much heroin was in the shorts. Cf. *United States v. Angelilli*, 660 F.2d 23, 42 (2d Cir.1981) ("After a review of the record as a whole we are convinced, for several reasons, that the district court's erroneous interim instruction did not influence the jury in the slightest.").

■ 7. The district court did not deprive Rodriguez of his Sixth Amendment rights in computing an advisory Sentencing

Guidelines range based on judicial fact finding. *See United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005).

For the foregoing reasons, the judgment of the district court is affirmed.